UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. CONTRERAS,<br><br>                  Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>                  Respondent. | Case No.:  16cv2813-BTM(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS THE PETITION**<br><br>**[Doc. No. 18]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in San Diego Superior Court Case No. SCD238193.  [Doc. No. 1; Doc. No. 19-1, at p. 1.]  When the Petition was filed on November 14, 2016, it was subject to dismissal under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), because it included both exhausted and unexhausted claims. [Doc. Nos. 1, 2, 5, 9.]  Petitioner requested and was granted an unopposed Motion for Stay and Abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005).  [Doc. Nos. 5, 9, 10.]  The case was then stayed from August 23, 2017 until July 23, 2019, so that petitioner could exhaust his state court remedies. [Doc. Nos. 7, 10, 17.]  On July 23, 2019, petitioner informed the Court in a Status Report that he had exhausted his state court remedies [Doc. No. 16], so the Court filed an Order Requiring Response to Petition.  [Doc. No. 17.]

Before the Court is respondent's Motion to Dismiss the Petition for failure to exhaust state court remedies [Doc. No. 18] and petitioner's Opposition thereto [Doc. No. 22]. In his Opposition, petitioner requests a second stay under *Rhines v. Weber*, 544 U.S. at 269, so that he can exhaust his unexhausted claims.

For the reasons outlined more fully below, IT IS RECOMMENDED that the District Court DENY respondent's Motion to Dismiss without prejudice and GRANT petitioner a limited, conditional stay under *Rhines v. Weber*, 544 U.S. at 269, so he can pursue exhaustion of his unexhausted claims. Alternatively, the District Court should give petitioner the option of abandoning his unexhausted claims and filing an Amended Federal Petition that only includes his currently exhausted claims.

### *Discussion*

In the Motion to Dismiss, respondent argues that the Court should dismiss the Petition without prejudice unless petitioner elects to delete his unexhausted claims and sub-claims and proceed only on his exhausted claims. [Doc. No. 18-1, at pp. 1, 5, 7.] Respondent opposes any request by petitioner for another stay. [Doc. No. 18-1, at p. 5.] If petitioner does opt to dismiss his Amended Petition rather than abandon and delete his unexhausted claims, respondent believes any subsequent petition could be time barred. [Doc. No. 18-1, at p. 6.]

In his Opposition, petitioner claims he was unaware that all his claims were not exhausted until he received respondent's Motion to Dismiss. He also represents he was being assisted by an attorney, who was appointed to represent him in connection with his state habeas proceedings, and this attorney was unable to explain why all his claims were not exhausted. [Doc. No. 22, at pp. 2-3.] He therefore requests another stay of the proceedings under *Rhines*, 544 U.S. at 269, so he can continue to exhaust his state court remedies as to all his unexhausted claims. [Doc. No. 22, at p. 3.]

### I.   *The Exhaustion Requirement.*

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the

applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[E]xhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights. [Citations omitted.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Federal Courts may not "consider any federal-law challenge to a state-court decision unless the federal claim 'was either addressed by or properly presented to the state court that rendered the decision. . . .'" *Howell v. Mississippi*, 543 U.S. 440, 443 (1997) (internal citations omitted). The exhaustion requirement is satisfied if the legal theory raised in the Federal Petition is the "substantial equivalent" of that presented in the state court system. *Picard v. Connor*, 404 U.S. 270, 278 (1971).

## II. *Underlying Conviction in San Diego Superior Court Case No. SCD238193*.

Petitioner was convicted by a jury of attempted, premeditated murder and shooting at an occupied vehicle for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal gang conduct. [Doc. No. 19-1, at p. 2.] The trial court sentenced petitioner to life in state prison for the attempted murder, plus 25 years to life because of a gun enhancement. As to another charge of felon in possession of a firearm, the jury was unable to reach a verdict. [Doc. No. 19-1, at p. 2.]

The jury found it was "not true" that petitioner personally discharged a firearm during the commission of the offense. [Doc. No. 19-1, at p. 2.] This finding indicates the jury concluded petitioner was involved in the shooting as the driver of the vehicle and the unidentified shooter was the passenger in the vehicle. By contrast, the prosecution's theory of the case was that petitioner was the passenger in the car, and he was the person who shot the victim. [Doc. No. 19-1, at pp. 2-9; 12-16.] Based on evidence presented at trial (*e.g.*, there was evidence petitioner told the police he was the driver, not the passenger on the night in question), the trial court believed it was appropriate to instruct

the jury on an additional theory of liability – aiding and abetting the shooter.  [Doc. No. 19-1, at p. 10.]

**III.    _Direct Appeals_.**

    **A.    _California Court of Appeal_.**

In a direct appeal to the California Court of Appeal, petitioner raised the following issues:

(1)    The trial court violated petitioner's right to due process, because the jury was instructed with CALCRIM No. 401 (aiding and abetting) and was then given a modified version of CALCRIM No. 1403 (limited purpose of evidence of gang activity). [Doc. No. 19-1, at pp. 10-15.]  According to petitioner, the modified version of CALCRIM No. 1403 allowed the jury to consider character evidence (*i.e.*, petitioner's membership in a gang) to determine whether he aided and abetted the shooter, and this lowered the prosecution's burden of proof.  [Doc. No. 19-1, at pp. 3, 9-16.]

(2)    The trial court violated petitioner's right to due process, because the jury was unexpectedly instructed on the natural and probable consequences theory of aider and abettor liability in response to questions by the jury.  Defense counsel objected to this instruction, stating "different strategies might have been used" if it was known this instruction would be given.  On appeal, petitioner argued the trial was unfair, because he did not have adequate notice he could be convicted under this theory.  [Doc. No. 19-1, at pp. 3, 16-26.]

(3)    Petitioner's constitutional right to due process was violated, because the cumulative effect of these instructional errors rendered the trial so unfair that the judgment against him should be reversed.  [Doc. No. 19-1, at pp. 3, 26.]

In an unpublished opinion filed on May 13, 2015 in Case No. D064999, the California Court of Appeal rejected all of petitioner's arguments and affirmed the judgment.  [Doc. No. 19-1, at p. 26.]

/ / /

/ / /

4

**B.** *California Supreme Court*.

On June 16, 2015, a Petition for Review was filed in the California Supreme Court. [Doc. No. 19-2, at p. 69.] This Petition for Review raised the same issues that were previously presented to and rejected by the California Court of Appeal. [Doc. No. 19-2, at pp. 2-3; 11-40.] The California Supreme Court summarily denied the Petition for Review on August 12, 2015. [Doc. No. 19-3, at p. 1.] Accordingly, petitioner has exhausted his state court remedies as to all the issues he raised in his direct appeals.

**IV.** *State Habeas Petitions*.

**A.** *San Diego Superior Court*.

Petitioner filed his first state habeas petition in the San Diego Superior Court. A copy of this petition is attached as Exhibit C to the Federal Petition and the file stamp indicates the petition was filed in San Diego Superior Court on November 14, 2016. An attached proof of service indicates the petition was served by mail on November 8, 2016. [Doc. No. 1, at pp. 104-128; Doc. No. 19-1, at p. 2.] In addition, an attached Declaration explains that the petition was typed by a law library clerk who was helping petitioner. This Declaration also states that the law library clerk typed the Federal Petition, which was protectively filed around the same time on November 14, 2016. [Doc. No. 1, at pp. 1, 141.] The habeas petition filed in the San Diego Superior Court includes the following claims:

(1) Petitioner is entitled to habeas relief, because he is "actually innocent" based on "new evidence." [Doc. No. 1, at p. 108 (Exh. C to Pet'n).] This claim is based on a witness declaration obtained after petitioner was convicted. [Doc. No. 1, at pp. 111-113 (Exh. C. to Pet'n).]

(2) Petitioner's right to due process was violated, because the trial court instructed the jury with aiding and abetting instructions (CALCRIM Nos. 400 and 401) and the *corpus delicti* instruction (CALCRIM No. 359). Petitioner claims the aiding and abetting instructions were prejudicial, because there was insufficient evidence in the record to support this theory of liability. In addition, petitioner contends the jury was

confused by the aiding and abetting instructions based on the two notes they sent out during deliberations seeking clarification. Petitioner therefore believes he was found guilty based on an "inadequate theory of liability." [Doc. No. 1, at pp. 114-115 (Exh. C to Pet'n).] With respect to the *corpus delicti* instruction (CALCRIM No. 359), petitioner claims there is a portion of this instruction that is ambiguous, and, as a result, the jury could have found him guilty based on his extrajudicial statements alone. [Doc. No. 1, at pp. 116-117.]

(3)     Petitioner's right to due process was violated when the trial court admitted evidence of his affiliation with a gang through testimony by a booking officer who questioned petitioner while he was being booked on prior, unrelated charges. Petitioner told the booking officer he was a member of the Encanto Street Gang. [Doc. No. 1, at p. 118.] According to petitioner, his prior statement about his gang affiliation should not have been admitted, because it was made without the warning required under *Miranda v. Arizona*, 384 U.S. 436 (1966). Petitioner believes the admission of this evidence was prejudicial, because the jury was instructed with CALCRIM No. 1403 indicating the jury could use gang evidence to determine whether petitioner aided and abetted the perpetrator in the crimes of attempted murder, shooting at an occupied motor vehicle, and assault with a firearm. [Doc. No. 1, at p. 118, (Exh. C to Pet'n.] As part of this claim, petitioner also alleges that his right to confront witnesses was violated, because a gang expert testified that petitioner is an admitted gang member based on hearsay statements made by other officers in violation of *Crawford v. Washington*, 541 U.S. 36 (2004).

(4)     Petitioner alleges he was denied his right to effective assistance of counsel, because his trial attorney failed to properly investigate and locate witnesses to the shooting. [Doc. No. 1, at p. 121 (Exh. C to Pet'n).]

(5)     Petitioner alleges his constitutional right to due process was violated, because the cumulative effect of the errors alleged in Grounds 2 through 4 above rendered the trial so unfair that the judgment against him should be reversed. [Doc. No. 1, at p. 122 (Exh. C to Pet'n).]

(6)    Petitioner alleges he was denied his right to effective assistance of appellate counsel, because his appellate attorney failed to adequately raise Grounds 2 through 5. The trial court's decision addresses all claims raised in this initial petition. [Doc. No. 1, at p. 123 (Exh. C to Pet'n).]

On December 12, 2016, the San Diego Superior Court issued an Order Denying the Petition for Writ of Habeas Corpus (Case No. HC22702, reviewing SCD238193). The Order addresses but rejects all claims in the petition. [Doc. No. 19-5, at pp. 1-9.]

**B.    *California Court of Appeal*.**

The record indicates petitioner filed two different sets of state habeas petitions in the California Court of Appeal.

**1.    *Round One—California Court of Appeal Case No. D071550*.**

On January 10, 2017, petitioner filed his first state habeas petition in the California Court of Appeal requesting an order to show cause [Doc. No. 19-6, at p. 1] and raising the same issues he raised in the petition he filed in the San Diego Superior Court. [Doc. No. 19-6, at pp. 12-21.] It appears this petition was also typed by the law library clerk who helped petitioner with his Federal Petition and the habeas petition he filed in San Diego Superior Court. [*Compare* Doc. No. 1, at pp. 1-29 with Doc. No. 1, at pp. 104-128 and Doc. No. 19-6.] In response to this petition, the California Court of Appeal issued an Order to Show Cause on January 24, 2017 and returned the case to the San Diego Superior Court for additional briefing and "any evidentiary hearing that may be required" to determine the matter (Case No. D071550 re SCD238193). [Doc. No. 19-7, at p. 1.] The potential evidentiary hearing apparently pertained to petitioner's "new evidence" claim. Rather than conduct an evidentiary hearing, the trial court assumed the new witness would offer testimony consistent with her declaration and received the declaration into evidence. The San Diego Superior Court then concluded this new evidence would not have changed the outcome of the trial. [Doc. No. 19-10, at p. 2.] The California Court of Appeal's online docket indicates an order denying the habeas petition in Case No. D071550 was issued on February 26, 2018.

The Court was unable to locate any evidence in the record indicating petitioner presented Claims 2 through 6 to the California Supreme Court. It therefore appears petitioner has not exhausted Claims 2 through 6. However, as outlined more fully below, it does appear petitioner exhausted his "new evidence" claim (*i.e.*, Claim 1).

## 2. *Round 2--California Court of Appeal Case No. D073993*.

On or about May 21, 2018, petitioner filed a second habeas petition in the California Court of Appeal. Although the copy of the petition submitted with respondent's Lodgments shows this petition was filed in Case No. D071550, the California Court of Appeal's online docket indicates this petition was originally filed in Case No. D073993 on May 17, 2018, and then a corrected version of the petition was filed on May 21, 2018. [Doc. No. 19-4, at p. 1.] The petition in Case No. D073993 was prepared by an attorney from the office of the Deputy Alternate Public Defender, Vickie Fernandes, and it only addresses petitioner's "new evidence" claim. [Doc. No. 19-4, at pp. 2; 19-8, at p. 2; Doc. No. 19-9, at pp. 1-3.] In his Opposition to defendants' Motion to Dismiss, petitioner explains that Attorney Fernandes was appointed to represent him in the habeas corpus proceedings when the California Court of Appeals issued the order to show cause on his "new evidence" claim. [Doc. No. 22, at p. 2.]

The California Court of Appeal considered informal briefing on the new evidence claim from the Office of the Attorney General and from Deputy Alternate Public Defender, Vickie Fernandes. [Doc. Nos. 19-8 and 19-9.] In other words, it appears the "new evidence" claim was severed from the other claims petitioner raised in the initial habeas petitions he filed in the San Diego Superior Court and the Court of Appeal, and the Court of Appeal assigned a new case number to his claims. It also appears Attorney Fernandes was appointed to assist petitioner with this "new evidence" claim. On July 27, 2018, the California Court of Appeal issued a two-page opinion denying the petition in Case No. D073993, concluding that the "new evidence" was "not of such decisive force and value that it would have more likely than not changed the outcome at trial." [Doc. No. 19-10, at pp. 1-2.]

### C. *California Supreme Court*.

On September 13, 2018, the California Supreme Court sent petitioner a letter stating his petition for review of Case No. D073993 was received but was not filed, because the filing deadline was August 27, 2018. Although the record is somewhat unclear, it appears the habeas petition was mislabeled as a petition for review. As a result, the California Supreme Court concluded it did not have jurisdiction to consider petitioner's request for relief. [Doc. No. 19-11, at p. 1.]

The final document lodged by respondent is an unsigned copy of a habeas petition dated November 28, 2018 captioned for the California Supreme Court which, once again, only presents the "new evidence" issue. [Doc. No. 19-12, at p. 2.] This Petition was also prepared and submitted by Attorney Fernandes. [Doc. No. 19-12, at pp. 1, 23-25.] Exhibit A to this petition is a copy of the original habeas petition filed in the San Diego Superior Court, which included the "new evidence" claim and several other claims. [Doc. No. 19-12, at pp. 31-57.] In his Opposition to defendants' Motion to Dismiss, petitioner states that Attorney Fernandez "had no reasoning or explanation as to why she didn't include all my grounds that were included in my original petition," and he "even personally gave her a copy of [his] Federal Habeas so she knew of my need to exhaust all grounds contained in my original petition. . . ." [Doc. No. 22, at p. 3.]

The California Supreme Court's online docket confirms that petitioner filed a habeas petition on November 28, 2018 under Supreme Court Case No. S252791. On July 18, 2019, petitioner filed a Status Report in this Court indicating he had exhausted his state court remedies, and he wished to proceed with his Federal Petition. Attached to the Status Report is the California Supreme Court's summary denial of the habeas petition filed in Case No. S252791. [Doc. No. 16, at p. 2.] Accordingly, based on the evidence presented, it appears petitioner has exhausted his new evidence claim, because he raised it in the California Superior Court, the California Court of Appeal, and the California Supreme Court.

/ / /

**V.** ___Federal Petition for Writ of Habeas Corpus___.

    **A.** ___Exhausted and Unexhausted Claims___.

       On November 8, 2016, petitioner mailed his "protective" Federal Petition to this Court, and the Petition was filed on November 14, 2016. [Doc. No. 1, at pp. 1, 28-29.] As outlined more fully below, this Petition is "mixed," because it includes some exhausted claims and some unexhausted claims.

       ___Ground One___: Petitioner is entitled to habeas relief, because he is "actually innocent" based on "new evidence" (*i.e.*, a witness declaration obtained after his trial in San Diego Superior Court Case No. SCD238193). [Doc. No. 1, at p. 8.] As noted above, the record indicates petitioner exhausted his state court remedies as to this claim, because he presented it in habeas petitions filed in the San Diego Superior Court, the California Court of Appeal, and the California Supreme Court.

       ___Ground Two___: Petitioner's right to due process was violated when the trial court instructed the jury with CALCRIM Nos. 359, 400, 401, 403, and a modified version of CALCRIM No. 1403. Ground Two includes three distinct claims. First, petitioner explains that the trial court gave the jury instructions on the theory of aiding and abetting based on the evidence presented at trial even though the prosecution's theory of the case was that petitioner was the shooter. Then, in response to a jury question, the trial court gave another instruction on the natural and probable consequences doctrine (CALCRIM No. 403). Because the jury was given both the aiding and abetting instructions and the natural and probable consequences instruction, petitioner contends that the jury should also have been instructed on lesser/necessarily included offenses, such as assault with a firearm. [Doc. No. 1, at pp. 15-18.]

       The record indicates this claim is not exhausted. Although petitioner challenged the aiding and abetting instructions in his direct appeal, he did so under a different legal theory (*i.e.*, insufficient notice). Petitioner also challenged the aiding and abetting instructions in the habeas petition he filed in the San Diego Superior Court and in the first habeas petition he filed in the California Court of Appeal (Claim 2, Case No. D071550),

but, as noted above, the record indicates he did so under a different legal theory (*i.e.*, insufficient evidence in the trial record to support the aiding and abetting instructions) and then did not present the claim to the California Supreme Court. In short, this is essentially a new claim raised for the first time in the instant Federal Petition.

Second, petitioner contends that his right to due process was violated because the jury was instructed with CALCRIM No. 359. Petitioner believes CALCRIM No. 359 could have been misinterpreted to mean he could be convicted based solely on extrajudicial statements he made to police that were recorded and made available to the jury. [Doc. No. 1, at pp. 18-19.] The record indicates this claim is not exhausted. Petitioner raised this claim in the state habeas petition he filed in the San Diego Superior Court and in the first habeas petition he filed in the California Court of Appeal (Case No. D071550), but, as outlined above, there is nothing in the record to show petitioner raised this claim in the California Supreme Court.

Third, petitioner claims that his right to due process was violated when the jury was instructed with a modified version of CALCRIM No. 1403, because the instruction prejudicially advised the jury it could consider gang evidence to determine whether petitioner aided and abetted another in shooting the victim. [Doc. No. 1, at pp. 19-20.] The record shows this claim is exhausted, because it was raised in petitioner's direct appeals in the California Court of Appeal and the California Supreme Court.

**_Ground Three_**. Petitioner's right to due process was violated when the trial court allowed the admission of prior statements petitioner made about his membership in a gang even though he was advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966) before he made the statements. According to petitioner, this was "especially prejudicial," because the jury was instructed with CALCRIM No. 1403 that they could use gang evidence to determine whether petitioner aided and abetted the perpetrator of the crimes of attempted murder, shooting at an occupied motor vehicle, and assault with a firearm. [Doc. No. 1, at p. 21.] The record shows this claim is exhausted,

because it was raised in petitioner's direct appeals in the California Court of Appeal and the California Supreme Court.

The record indicates the remaining claims, Grounds Four through Seven, have not been exhausted:

***Ground Four***.  Petitioner's right to effective assistance of trial counsel was violated, because his trial attorney inadequately objected to proposed jury instructions for the reasons outlined in Ground Two, which allegedly allowed the jury to "consider inappropriate evidence." [Doc. No. 1, at p. 23.]  In addition, trial counsel inadequately objected to allowing admission of testimony about an offer for a witness to take a lie detector test. [Doc. No. 1, at pp. 22-23.]  According to petitioner, the admission of testimony about the lie detector test gave the witness "a false aura of credibility." [Doc. No. 1, at p. 23.]

The record indicates this claim is not exhausted and was raised for the first time in the instant Federal Petition.  As outlined above, petitioner did raise a claim of ineffective assistance of trial counsel in his habeas petitions filed in the San Diego Superior Court and the California Court of Appeal (Case No. D071550).  However, this other claim was based on different factual allegations (*i.e.*, trial counsel's failure to investigate), and there is nothing in the record to show petitioner raised any of his ineffective assistance of trial counsel claims in the California Supreme Court.

***Ground Five***.  Petitioner's right to effective assistance of trial counsel was violated, because his trial attorney failed to perform an adequate pre-trial investigation of witnesses to the shooting. [Doc. No. 1, at p. 24.]  Because it alleges trial counsel did not adequately investigate by locating and questioning potential witnesses who lived near the site of the shooting, this claim is related to petitioner's "new evidence" claim.  The "new evidence" claim indicates that petitioner's family members posted signs seeking information about a shooting that occurred on November 19, 2011, and a witness came forward on or about March 18, 2016, after petitioner was convicted. [Doc. No. 1, at p. 12.]

The record indicates this claim is not exhausted. Petitioner raised this claim in the state habeas petition he filed in the San Diego Superior Court and in the first habeas petition he filed in the California Court of Appeal (Case No. D071550), but, as outlined above, there is nothing in the record to show petitioner raised this claim in the California Supreme Court.

**_Ground Six_**. Petitioner's constitutional right to due process was violated, because the cumulative effect of errors outlined in Grounds One through Five above rendered the trial so unfair that the judgment against him should be reversed. [Doc. No. 1, at p. 25.] The record indicates this claim is not exhausted. Based on different factual and/or legal theories, petitioner did raise two other cumulative error claims. The first was in his direct appeals, and this specific cumulative error claim would be exhausted, but petitioner did not raise the same claim in his Federal Petition. Petitioner also raised a cumulative error claim in the habeas petition he filed in the San Diego Superior Court and in the first habeas petition he filed in the California Court of Appeal (Case No. D071550). However, this claim is based on grounds that are different from the grounds raised in the Federal Petition, and there is nothing to indicate petitioner raised any cumulative error claim in the California Supreme Court. In short, the cumulative error claim in Ground Six of the Federal Petition is not exhausted, because it was raised for the first time in the Federal Petition.

**_Ground Seven_**. Petitioner's right to effective assistance of appellate counsel was violated, because his appellate attorney failed to adequately raise Grounds Two through Five above. "In light of the meritorious nature of the claims raised" in Grounds Two through Five, petitioner believes appellate counsel's failure to raise these claims was prejudicial. [Doc. No. 1, at p. 26.]

The record indicates this claim is not exhausted. Petitioner did raise an ineffective assistance of appellate counsel claim in the state habeas petitions he filed in the California Superior Court and in the first habeas petition he filed in the California Court

/ / /

of Appeal (Case No. D071550), but, as outlined above, there is nothing in the record to show petitioner raised this claim in the California Supreme Court.

**B.** **_Exhausted Claims_.**

Based on the foregoing, the record before the Court indicates petitioner has only exhausted his state court remedies as to the following claims in his Federal Petition:

**_Ground One_**:  Petitioner is entitled to habeas relief, because he is "actually innocent" based on "new evidence" (*i.e.*, a witness declaration obtained after his trial in San Diego Superior Court Case No. SCD238193).  [Doc. No. 1, at p. 8.]

**_Ground Two (Partial)_**:  Petitioner's right to due process was violated when the jury was instructed with a modified version of CALCRIM No. 1403, because the instruction prejudicially advised the jury it could consider gang evidence to determine whether petitioner aided and abetted another in shooting the victim.  [Doc. No. 1, at pp. 19-20.]  The record shows this claim is exhausted as it was raised in petitioner's direct appeals in the California Court of Appeal and California Supreme Court.

**_Ground Three_**.  Petitioner's right to due process was violated when the trial court allowed the admission of prior statements petitioner made about his membership in a gang even though he was not advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966) before he made the statements.  According to petitioner, this was "especially prejudicial," because the jury was instructed with CALCRIM No. 1403 that they could use gang evidence to determine whether petitioner aided and abetted the perpetrator of the crimes of attempted murder, shooting at an occupied motor vehicle, and assault with a firearm.  [Doc. No. 1, at p. 21.]

**C.** **_Whether the District Court Should Dismiss the Petition or Grant Petitioner a Second Stay_.**

Federal Courts must dismiss habeas petitions that contain both exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, Federal Courts may grant a stay of a mixed petition if the petitioner's request satisfies the requirements set forth in *Rhines*, 544 U.S. at 269.  Before dismissing a mixed petition, the petitioner

must be offered an opportunity to amend the petition to delete unexhausted claims and proceed only on exhausted claims. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

In *Rhines*, the petitioner filed an amended petition "asserting 35 claims of constitutional error," and the State "challenged 12 of those claims as unexhausted." *Rhines*, 544 U.S. at 273. By the time the District Court held that eight of the petitioner's claims were not exhausted, the one-year statute of limitation in [the Antiterrorism and Effective Deal Penalty Act of 1996 (AEDPA)] had run and the petition was subject to dismissal because it included unexhausted claims.[1] *Id.* As a result, the petitioner would have been barred from exhausting his unexhausted claims and returning to Federal Court when exhaustion was completed. *Id.* at 274. After concluding that "stay and abeyance should be available only in limited circumstances," the Supreme Court remanded the case for the Court of Appeal to determine whether the stay granted by the District Court was an abuse of discretion. *Id.* at 277, 279.

"[I]f employed too frequently," the Supreme Court stated in *Rhines* that a stay would undermine "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* "Because a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a

---

[1] Section 2244(d)(1) of AEDPA provides in part as follows: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. . . ." 28 U.S.C. 2244(d)(2). Section 2244(d)(2) provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant [a request for] a stay when [a petitioner's] unexhausted claims are plainly meritless." *Id.* Thus, "it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics." *Id.* at 270.

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines* [citation omitted]. In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

Based on the record before the Court, there is no reason to suspect petitioner has engaged in any "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 270. In addition, at this point in the proceedings, this Court is not prepared to find "it is perfectly clear" petitioner has "no hope" of prevailing on any of his unexhausted claims. Rather, the Federal Petition does include at least one colorable federal claim that is unexhausted. As petitioner contends in his Opposition to respondent's Motion to Dismiss, the California Court of Appeal did appoint counsel and consider his "new evidence" claim. Petitioner argues this indicates his "new evidence" claim has merit. [Doc. No. 22, at p. 4.] The "new evidence" claim is related to unexhausted Ground Five in the Federal Petition. Ground Five in the Federal Petition alleges petitioner received ineffective assistance of counsel, because his trial attorney failed to perform an adequate pre-trial investigation of witnesses to the shooting. [Doc. No. 1, at p. 24.] The "new evidence" consists of a declaration by a witness to the shooting obtained by petitioner's family after he was convicted by posting flyers near the location of the shooting asking for information from witnesses. [Doc. No. 1, at pp. 111-112 (Exh. C to Pet'n).]

/ / /

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014). In *Blake*, the Ninth Circuit stated that "[t]he good cause element is the equitable component of the *Rhines* test," and "[i]t ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Id.* at 982. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* The Ninth Circuit in *Blake* also noted it was significant that the Supreme Court in [*Pace v. Diguglielmo*, 544 U.S. 408, 416 (2006)] stated *in dicta* that "[a] petitioner's *reasonable* confusion . . . will ordinarily constitute 'good cause' [under *Rhines*]. . . ." *Blake*, 745 F.3d at 982 (emphasis in original).

In *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), the Federal petition was dismissed for failure to exhaust all issues, and the petitioner argued on appeal that he was entitled to a stay, because he had "good cause" for his failure to exhaust. Specifically, the petitioner argued there was "good cause," because he was "under the impression" that his counsel raised all his claims in the California Court of Appeal and the California Supreme Court, and his appellate attorney "never advised him that any issues were not exhausted." *Id.* at 1021. Because it "would conflict with the Supreme Court's guidance" in *Rhines*, the Ninth Circuit in *Wooten* concluded the petitioner had not established "good cause." *Id.* at 1024. "To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Id.* "In other words, [the Ninth Circuit] held that unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—did not

satisfy the good cause requirement." *Blake*, 745 F.3d at 981. *See also King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (upholding the denial of a request for a stay based on factual allegations that were "hearsay and insufficiently detailed to establish good cause").

In *Blake*, the Ninth Circuit indicated ineffective assistance of appellate counsel could establish "good cause" under *Rhines*. The petitioner in *Blake*, 745 F.3d at 977, who was convicted of murder and sentenced to death, argued there was "good cause" for a stay, because his appellate counsel on direct appeal "failed to conduct any independent investigation." *Id.* at 982. As a result, the attorney did not discover "easily identif[iable] claims" that the petitioner had organic brain damage, psychological disorders, and had endured severe abuse as a child. *Id.* at 982. No such evidence was ever presented to the state courts. *Id.* at 982-983. In support of his request for a stay, the petitioner submitted evidence of his history of mental illness and abusive childhood that had been "compiled by his federal post-conviction counsel," an investigator's declaration indicating appellate counsel did not allow him to complete his investigation, and declarations by thirteen family members who had not previously been contacted. *Id.* at 983. Based on this evidence, the Ninth Circuit concluded the petitioner presented "a concrete and reasonable excuse, supported by evidence" to establish there was "good cause" for a stay. *Id.* In the federal district courts, there is a split of authority as to whether ineffective assistance by post-conviction counsel can constitute good cause to grant a stay. *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210–11 (D. Nev. 2006) and cases cited therein.

Here, in the Motion to Dismiss, respondent opposes petitioner's request for a stay, because he has already been granted a stay, which lasted almost two years, but he has still not exhausted his state court remedies. [Doc. No. 18-1, at p. 5.] In addition, respondent apparently believes a stay would be futile, because it is likely petitioner's unexhausted claims would be procedurally barred and/or time-barred unless he can establish he is entitled to equitable tolling. [Doc. No. 18-1, at p. 6 n.3.]

Petitioner states in his Opposition to the Motion to Dismiss that he only became aware that all the grounds he presented in his state habeas petitions were not fully

exhausted when he received respondent's Motion to Dismiss, and he believes there is good cause for another stay. First, petitioner alleges that the attorney appointed to assist him with his state habeas petitions misled him about the status of efforts to exhaust his state court remedies as to all claims. Petitioner further represents he "truthfully believed" that his attorney pursued all his claims, so he was prevented from completing the exhaustion process as to all claims because of circumstances he was unable to control. [Doc. No. 22, at pp. 1, 3, 5.]

In support of these contentions, petitioner submitted copies of letters from his attorney that support his assertion he believed the attorney presented his unexhausted claims to the California Supreme Court. [Doc. No. 22, at p. 4, referring to Doc. No. 22, at pp. 7-13.] The earliest letter dated March 2, 2018 encloses a copy of the San Diego Superior Court's denial of the original habeas petition and advises petitioner that another petition could be filed with the California Court of Appeals "within 60 days of the judge's ruling" to request review of this decision. [Doc. No. 22, at p. 11.] As noted above, the San Diego Superior Court's December 12, 2016 denial addressed and denied *all* issues raised in the petition. [Doc. No. 19-5, at pp. 1-9.] Counsel offered to make the filing in the California Court of Appeal on petitioner's behalf if that is what he wanted to do. [Doc. No. 22, at p. 11.] Even though she apparently did not prepare the original habeas petition in the San Diego Superior Court, this letter shows the attorney's involvement early in the state court habeas proceedings, as well as her awareness of all issues raised in the original petition.

The second letter dated July 31, 2018 advises petitioner of the California Court of Appeal's denial and encloses a copy of the decision. In this letter, the attorney states she was "working on" a petition to be filed in the California Supreme Court. This letter also states as follows: "The last step is to petition with the California Supreme Court, and make sure *we* exhaust your state remedies. . . ." [Doc. No. 22, at p. 13 (emphasis added).] The final letter dated June 25, 2019 advises petitioner that the California

/ / /

Supreme Court summarily denied his habeas petition and states that "this means you can now file your federal habeas." [Doc. No. 22, at p. 8 (Exh. A).]

When the attorney's letters are compared with the filings discussed therein, it appears petitioner would not have had any reason to believe all the claims he raised in his habeas petitions in the San Diego Superior Court and the California Court of Appeal would not have been included in the petition the attorney agreed to file in the California Supreme Court. [Doc. No. 22, at p. 13.] It is entirely possible the attorney only submitted the "new evidence" claim in the petition filed in the California Supreme Court for strategic reasons, such as a belief that it was the most viable claim. However, there is nothing in the letters to petitioner or the remaining record to indicate the attorney had a strategic purpose for only submitting the "new evidence" claim to the California Supreme Court. Nor is there anything in the letters or the remaining record to indicate the attorney explained to petitioner she would not be submitting his other unexhausted claims for consideration by the California Supreme Court. In sum, based on a review of the record before the Court, there is some evidence of "reasonable confusion" on petitioner's part (*Pace*, 544 U.S. at 416), and it does appear he has a legitimate reason for failing to complete the exhaustion process in the California Supreme Court.

Petitioner also argues there is good cause for a stay for several other reasons. First, petitioner believes there is good cause for a stay, because his claims have merit. In support of this argument, petitioner cites the California Court of Appeal's decision to issue an order to show cause on his petition. As outlined more fully above, the record indicates the California Court of Appeal issued an order to show cause on petitioner's "new evidence" claim and returned the case to the San Diego Superior Court for further consideration. [Doc. No. 19-7, at p. 1.] The San Diego Superior Court, the California Court of Appeal, and the California Supreme Court have all denied this claim. However, because he believes his claims have merit, petitioner argues it is possible the California Supreme Court would have granted a petition if all pending, unexhausted issues had been raised. Third, petitioner believes the record shows he has been diligent in pursuing his

claims. [Doc. No. 22, at pp. 4-5.] Fourth, petitioner argues it would be a "miscarriage of justice" to dismiss his Federal Petition, because he is innocent and the "new evidence" he presented (*i.e.*, the declaration of an eyewitness) will show he was not involved in the shooting, so the jury would not have found him guilty. [Doc. No. 22, at p. 5.]

Even if the District Court grants petitioner's request for a second stay, the Court notes there may be other reasons, such as a procedural bar or a time bar, that would preclude consideration of some of petitioner's unexhausted claims in Federal Court. However, it is this Court's view it would be premature to make any such determinations on an incomplete record and without appropriate briefing by the parties. In other words, any such issues should not foreclose a stay and should be determined when the record is complete. Therefore, under the circumstances presented, it is this Court's view there is good cause for a second but very limited stay under *Rhines* with specific deadlines and conditions that petitioner should be required to meet to avoid a dismissal and to prevent any further delay in resolving the instant Federal Petition.

### *Conclusion*

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Based on the foregoing, IT IS HEREBY RECOMMENDED that the District Court DENY respondent's Motion to Dismiss without prejudice and GRANT petitioner's request for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). However, IT IS FURTHER RECOMMENDED that the following or similar limitations and conditions apply to the stay:

1.      If petitioner wants to try to exhaust the unexhausted claims he raised in the original habeas petitions he filed in the San Diego Superior Court and the California Court of Appeal, he must file a habeas petition with the California Supreme Court ***no later than 30 days after the District Court issues an order granting a stay***. Petitioner is forewarned that any claims raised in a new habeas petition filed in the California

16cv2813-BTM(KSC)

Supreme Court MUST be the same as the claims he previously included in the original habeas petitions he filed in the San Diego Superior Court and the California Court of Appeal and may not include any new legal theories. As noted above, the exhaustion requirement is satisfied if the legal theory raised in the Federal Petition is the "substantial equivalent" of that presented in the state court system. *Picard v. Conner*, 404 U.S. 278.

2.	When and if petitioner receives notice that the California Supreme Court has accepted a new habeas petition for filing, ***he must promptly and without delay*** provide this Court with notice of the filing and a copy of the newly filed petition. If petitioner fails to provide the Court with prompt notice and a copy of any new filing in the California Supreme Court, petitioner is forewarned that his entire Petition is subject to dismissal as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Notice should be considered prompt if it is mailed to the Court ***within 15 to 20 days*** after petitioner receives notices from the California Supreme Court that his new petition was accepted for filing.

3.	If petitioner files a new petition in the California Supreme Court, he must promptly mail his Amended Federal Petition that only includes exhausted claims to this Court ***within 30 days of receipt*** of the California Supreme Court's ruling on his new petition.

4.	Alternatively, petitioner may elect to abandon the unexhausted claims in his Federal Petition and proceed with his ***currently exhausted claims*** by filing an amended petition that only includes his ***currently exhausted claims***. If petitioner elects to abandon his unexhausted claims and proceed only on his ***currently exhausted claims***, he should be required to do so ***within 30 days*** of any order by the District Court adopting this Court's report and recommendation.

IT IS HEREBY ORDERED that no later than ***January 17, 2020*** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation.

/ / /

IT IS FURTHER ORDERED that any reply to the objection shall be filed and served no later than ***January 24, 2020***.  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  December 23, 2019

Hon. Karen S. Crawford
United States Magistrate Judge