UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. CONTRERAS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY,<br><br>　　　　　　　　Respondent. | Case No.:  16cv2813-BTM(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FIRST AMENDED PETION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 46]** |

　　　　This Report and Recommendation is submitted to United States District Court Judge Barry T. Moskowitz pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On June 27, 2022, Petitioner Anthony Contreras ("Petitioner"), a state prisoner who is proceeding *pro se* and *in forma pauperis*, filed his First Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254 challenging his San Diego County Superior Court convictions of attempted premeditated murder, with gang and firearm enhancements, and shooting at an occupied vehicle, with gang and firearm enhancements.  ECF No. 42.  Respondent Warren Montgomery ("Respondent") filed a Motion to Dismiss First Amended Petition for Writ of Habeas Corpus ("Motion") and lodgments on August 24, 2022.  ECF Nos. 46, 47.  Petitioner filed an Opposition to the Motion to Dismiss the First Amended Petition for Writ of Habeas Corpus ("Oppo.") on October 6, 2022.  ECF No.

49 The Court has reviewed the Amended Petition, Motion to Dismiss, Opposition, lodgments, and all supporting documents submitted by the parties. For the reasons discussed below, the Court **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**.

## I.     SUMMARY OF PROCEEDINGS

Petitioner commenced this action when he filed his Petition for Writ of Habeas Corpus ("Petition") on November 14, 2016. ECF No. 1. The Petition was subject to dismissal under Rose v. Lundy, 455 U.S. 509, 522 (1982) because it included both exhausted and unexhausted claims. ECF Nos. 1 & 2. Petitioner requested and was granted an unopposed Motion for Stay and Abeyance under Rhines v. Weber, 544 U.S. 269 (2005). ECF Nos. 5 & 10. The case was then stayed from August 23, 2017 until July 23, 2019 to allow Petitioner time to exhaust his state court remedies. ECF No. 10. On July 18, 2019, in a status report, Petitioner informed the Court that he had exhausted his state court remedies. ECF No. 16. On July 23, 2019, the Court issued an Order Requiring Response to Petition. ECF No. 17.

On August 21, 2019, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus, arguing the Petition should be dismissed for failure to exhaust state court remedies. ECF No. 18. Petitioner filed his Opposition thereto on October 25, 2019 and requested a second stay under Rhines to allow for time to exhaust his unexhausted claims. ECF No. 22.

Magistrate Judge Crawford issued a Report and Recommendation to deny Respondent's motion and grant Petitioner a limited, conditional stay under Rhines, so that Petitioner could exhaust his unexhausted claims. ECF No. 23. Alternatively, Judge Crawford recommended that the District Court give Petitioner the option to abandon his unexhausted claims and file an Amended Federal Petition that included only exhausted claims. Id. The District Court adopted Judge Crawford's findings and conclusions, denied Respondent's motion to dismiss, and issued a second stay and abeyance order. ECF No. 25. The District Court allowed Petitioner to file a new petition in the California Supreme Court and an amended federal petition that only included exhausted claims. Id. at 2-3. Petitioner also was given the option to abandon the unexhausted claims and proceed with his exhausted claims by filing an amended petition. Id. at 3.

After several extensions of time, Petitioner filed a new petition with the California

Supreme Court on February 16, 2022. ECF No. 41; Lodgment 13. The California Supreme Court denied the new petition on May 11, 2022. Lodgment 14. Petitioner then filed his Amended Petition on June 27, 2022. ECF No. 42.

That same day, the Court lifted the stay in this action and directed Respondent to file a response to the Petition. ECF No. 43.

Meanwhile, on July 23, 2019, Petitioner filed a resentencing petition pursuant to Cal. Penal Code § 1170.95, now renumbered as Cal. Penal Code § 1172.6,[1] in San Diego County Superior Court. Lodgment 15. San Diego County Superior Court determined Petitioner was ineligible for relief under Section 1172.6 because, at that time, the remedy sought was unavailable to individuals convicted of attempted murder. See Lodgment 16 at 5. On appeal, the California Court of Appeal, affirmed the denial. Id. While Petitioner's appeal was still pending, the California Legislature enacted Senate Bill No. 775, which allowed section 1172.6 remedies to be made available to those convicted of attempted murder. Id. In response, the California Supreme Court remanded the case back to the California Court of Appeal for reconsideration in light of Senate Bill No. 775. Id. On February 28, 2022, the California Court of Appeal reversed the order denying Petitioner's Section 1172.6 petition and remanded the matter to the trial court. Id. at 8. On remand, the Court of Appeal instructed the trial court "to issue an order to show cause and conduct an evidentiary hearing as required by [Section 1172.6]." Id.

On July 12, 2022, the San Diego County Superior Court issued an order setting a status conference and order to show cause for August 4, 2022. Lodgment 17. The hearing initially was continued to October 7, 2022, and then to January 9, 2023. Lodgment 18; ECF No. 51. While it appears the hearing did not go forward on January 9, 2023, the Court does not know the current status of the state court proceeding.

On August 24, 2022, Respondent filed a motion to dismiss the Amended Petition on the

---

[1] Effective June 30, 2022, section 1170.95 was renumbered and can now be found at section 1172.6. Despite the pleadings citing to section 1170.95, the Court will cite to section 1172.6.

ground that the court should abstain from interfering with the pending state court proceeding under Younger v. Harris, 401 U.S. 37 (1971). ECF No. 46. On October 6, 2022, Petitioner filed an opposition to the motion. ECF No. 49. Respondent did not file a reply. See Docket.

**II.   DISCUSSION**

Respondent moves the Court to dismiss Petitioner's Amended Petition based on the abstention doctrine outlined in Younger v. Harris, 401 U.S. 37 (1971). Motion at 5-6. Respondent argues that abstention is appropriate in light of Petitioner's pending section 1172.6 hearing. Motion at 8. Conversely, Petitioner requests that the Court deny Respondent's motion and consider his Amended Petition on the merits. Oppo. at 2. Petitioner argues that the Younger requirements are not satisfied here despite the pending section 1172.6 hearing. Id. at 1.

A.  Senate Bill 775 and California Penal Code Section 1172.6

Senate Bill 775, which became effective January 1, 2022, amended the formerly titled California Penal Code section 1170.95 to provide a process by which an individual previously convicted of attempted murder under the natural and probable consequences doctrine can petition for resentencing. Cal. Penal Code § 1172.6. The process requires the individual to file a petition for resentencing and if the petition contains all the required information, the trial court is required to appoint counsel to represent the petitioner, if requested. People v. Lewis, 11 Cal. 5th 952, 962-963 (2021); Cal. Penal Code § 1172.6(b)(1)(A), (3). The prosecutor must then file a response to the petition, the petitioner may file a reply, and the trial court must hold a hearing to determine whether the petitioner has made a prima facie showing that he is entitled to relief. Cal. Penal Code § 1172.6(c). Where the court finds the petitioner made a prima facie showing, the trial court must then issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the attempted murder conviction and resentence the petitioner on any remaining counts. Id. § 1172.6(d)(1). At the hearing, the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. Id. § 1172.6(d)(3). The petitioner and prosecutor also can offer new or additional evidence. Id. The burden of proof remains with the prosecution, who has "to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder[.]" Id. If the

prosecution fails to prove—beyond a reasonable doubt—that the petitioner is guilty of attempted murder under California law as amended by changes to California Penal Code sections 188 or 189, the prior conviction, and any allegations and enhancements attached to the conviction "shall be vacated and the petitioner shall be resentenced on the remaining charges." Cal. Penal Code § 1172.6(d)(3).

B. Abstention Under Younger

In Younger, the Supreme Court made clear that, absent extraordinary circumstances, a federal court must not intervene in a pending state criminal proceeding. Younger, 401 U.S. at 43-46. Abstention under Younger is appropriate when: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges, and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[2] Page v. King, 932 F.3d 898, 901-02 (9th Cir. 2019) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotations omitted)).

As further discussed below, the Court finds that the Younger requirements are satisfied, and abstention is appropriate.

1. The Section 1172.6 Petition Hearing is an Ongoing State Proceeding

Respondent argues that that the section 1172.6 hearing is an ongoing state judicial proceeding because Petitioner filed his section 1172.6 petition in state court prior to "any proceedings of substance on the merits [took] place in [] federal court." Motion at 9. Respondent indicates that when Petitioner filed his section 1172.6 petition, Respondent had only filed a non-opposition to Petitioner's request for a stay, not a motion to dismiss or an answer. Id.

In his opposition, Petitioner claims that the section 1172.6 hearing does not constitute

---

[2] The fourth factor—enjoinment—is a requirement that the Ninth Circuit identified and added to the Younger abstention analysis. ReadyLink Healthcare, Inc. v State Comp. Ins. Fund., 754 F.3d 754, 758 (9th Cir. 2014); San Jose Silicon Valley Chamber of Commerce Political Action Comm. V. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

an ongoing state judicial proceeding because in his federal petition, Petitioner is challenging his entire conviction to "prov[e] [his] 100% factual innocence" and the state hearing only applies to his attempted murder conviction. Oppo at 1.  Further, Petitioner argues that the state proceeding is only "a resentencing process." Id. at 2.

Younger requires that a state court proceeding be ongoing.  Indeed, the "critical date" for determining whether a state proceeding is ongoing is "the date the federal action is filed." Gilbert v. Albright, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc) (citation omitted); Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988).  The Ninth Circuit has explained that "[s]tate proceedings are considered 'ongoing' if they commence 'before any proceedings of substance on the merits have taken place in federal court.'" Phillips v. Neuchsmid, 2019 WL 6312573, at *1 (C.D. Cal. Oct. 18, 2019) (citing Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 728 (9th Cir. 2017)).

Here, Petitioner commenced the federal habeas process on November 14, 2016, but the matter was subsequently subject to several stays.  ECF No. 1; see also Docket.  The Amended Petition, the petition the Court would be considering, was not filed until June 27, 2022.  ECF No. 42.  Petitioner filed his 1172.6 petition in state court on July 23, 2019.  Lodgment 15.  At the time of filing his Amended Petition, Petitioner acknowledged that there was a pending state court hearing for his section 1172.6 petition.  Amended Petition at 26.  Hence, the state court proceeding was ongoing at the time Petitioner filed the Amended Petition, satisfying the first Younger requirement. See Lesopravsky v. Warden, 2018 WL 2085333, at *3-4 (C.D. Cal. May 3, 2018) (state proceedings were ongoing for purposes of abstention under Younger where petitioner filed a petition for resentencing in state court after filing original federal habeas petition but before filing first amended petition).

Even if the Court were to consider the "critical date" to be November 14, 2016, the state court proceeding was still ongoing, as no proceeding of substance on the merits had taken place in federal court prior to the filing of the section 1172.6 petition in state court.  Before Respondent appeared in this matter, Petitioner filed a motion to stay the federal court proceedings and this matter was stayed from August 23, 2017 to July 23, 2019.  See ECF Nos. 5, 10 & 17.  Respondent

did not file the first motion to dismiss until August 21, 2019, which was after Petitioner filed his section 1172.6 petition. See ECF No. 18. Further, the result of Respondent's motion to dismiss was another stay. ECF Nos. 23 & 25. Thus, no proceedings of substance on the merits had occurred in federal court when Petitioner filed his section 1172.6 petition[3]; thus, satisfying the first Younger requirement. See Nichols v. Brown, 945 F. Supp. 2d 1079, 1095 (C.D. Cal. 2013) (state proceedings initiated after federal filing were ongoing where the federal case had "not progressed beyond the pleading state" and defendants had not filed answer); see also Johnson v. Sullivan, 2019 WL 1590907, at *2 (C.D. Cal. Feb. 25, 2019) (state proceedings ongoing where petitioner's appeal of resentence was pending, as "judgment not yet final"), report and recommendation adopted, 2019 WL 1585200 (C.D. Cal Apr. 11, 2019).

With regard to Petitioner's argument that the Amended Petition should not be dismissed on abstention grounds because the section 1172.6 hearing is only a "resentencing process," and the federal petition is more comprehensive, including alleging Petitioner's actual innocence, the Court finds that the stated differences do not impact the determination that the state court proceeding is ongoing. See, e.g., Pellecer v. Robertson, 2021 WL 1949394, at *3-*4 (C.D. Cal. Mar. 12, 2021) (finding the first Younger requirement satisfied, and ultimately abstention appropriate, where petitioner argued that the section 1172.6 hearing was limited to sentencing and the federal habeas petition challenged the constitutionality of his conviction), report and recommendation adopted by 2021 WL 1947235, at *1 (C.D. Cal May 14, 2021). If Petitioner is successful in having his second-degree attempted murder conviction vacated, some, if not all, of his federal claims challenging the constitutionality of that conviction may be moot. Alternatively, if Petitioner is not successful and the trial court denies his resentencing petition, Petitioner may appeal the decision to the California Court of Appeal, further prolonging the state court proceedings. Given the ongoing state court proceedings involving the section 1172.6 resentencing petition, the Court finds that the first Younger requirement is met.

---

[3] The California Supreme Court had remanded the section 1172.6 petition back to the trial court on February 28, 2022, which was before Petitioner filed the Amended Petition. See Lodgment 16; see also ECF No. 42.

### 2. The Pending Section 1172.6 Petition Hearing Implicates State Interest

Respondent argues that the State of California has an important interest in "protecting the integrity of its criminal proceedings" as well as "correcting violations of defendant's rights." Motion at 6, 7. In contrast, Petitioner indicates that the proceeding does not implicate state interests because it is a "completely different proceeding[]." Oppo at 2. Petitioner does not elaborate on how the section 1172.6 hearing is a "completely different proceeding." See id.

Repeatedly, courts have determined that criminal proceedings implicate state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he State's interest in administering their criminal justice system free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45); Lammers v. Hutchins, 2019 WL 1771658, at *2 (C.D. Cal. Mar. 5, 2019) ("Plainly, state criminal proceedings implicate important state interests."). More specifically, "resentencing proceedings implicate an important state interest in enforcing criminal laws without federal interference." Timberlake v. Santoro, 2021 WL 1691833, at *2 (E.D. Cal. Apr. 29, 2021) (citing Kelly, 479 U.S. at 49).

Without question, the pending section 1172.6 hearing implicates state interests because it is both criminal in nature and, as Petitioner states, a resentencing proceeding. Further, the California appellate courts remanded this case to the state trial court to consider a newly enacted state law—SB 775. Lodgment 16 at 10 ("Because [it] did not have the benefit of the statutory changes created by Senate Bill 775 when it ruled on [Petitioner's] petition, and because the Attorney General concedes [Petitioner] made a prima facie showing that he was convicted of attempted murder under the natural and probable consequences doctrine[.]"). Lodgment 16 at 10. It is up to the state court—not the federal court—to determine how the changes to its laws affect the rights of defendants. Roberts v. Dicarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. Dec. 10, 2003) ("[T]he state has an important interest in passing upon and correcting violations of a defendant's rights.").

Petitioner states that "[t]here is no implication of important state interests as [the section 1172.6 hearing is a] completely different proceeding" [Oppo. at 2] but does not provide any

analysis or argument as to why the proceeding is different or why state interests are not implicated. To the extent Petitioner's argument is that the resentencing is not an important state interest because the federal petition is more comprehensive, the Court disagrees. Repeatedly, courts in the Ninth Circuit have determined resentencing proceedings implicate state interests and have abstained under Younger. See Lammers, 2019 WL 1771658, at *2-3 (court finding that Younger abstention applied where the state petitioner's resentencing proceedings were pending in state court); Lesopravoksy, 2018 WL 2085333, at *3-4 (Younger abstention applied where petitioner's appeal after resentencing was pending); McCaw v. People, 2016 WL 44487824, at *1-2 (C.D. Cal. Aug. 25, 2016) (Younger abstention warranted where sentencing proceedings on remand were pending). The Court makes the same determination here and finds the second Younger requirement is satisfied.

           3.   Petitioner Has Adequate Opportunity to Raise Federal Constitutional Claims

Respondent indicates that Petitioner had the opportunity to raise constitutional challenges in state proceedings and in fact did so. Motion at 7. Petitioner responds that there is no opportunity for him to raise his constitutional challenges because the state court judge handling the section 1172.6 petition does not have the authority to consider constitutional challenges because it is not a habeas proceeding. Oppo. at 2. Petitioner reiterates that the proceeding is only a "resentencing process created to allow people convicted under an illegal jury instruction of a lesser sentence but that does not allow [Petitioner to prove his] 100% factual innocen[ce][.]" Id. Petitioner maintains that the only appropriate venue is this Court. Id.

"A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see also Middlesex Cnty. Ethics Comm., v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'") (citation omitted). Relevant here, the third Younger factor "requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F3d 1011, 1020 (9th Cir. 1999) (citations omitted).

   Here, Petitioner has had opportunity to raise constitutional challenges in various state court proceedings. Indeed, the record indicates, and Petitioner's own Amended Petition acknowledges, that he raised many of the same constitutional grounds he seeks to raise in federal court through direct appeal and habeas petitions in the San Diego County Superior Court, California Court of Appeal, and California Supreme Court. Amended Petition at 4-6; see also Lodgments 1, 4, 6, 12. Courts in the Ninth Circuit have held this is sufficient to satisfy the third Younger requirement. See Spivey v. McDowell, 2016 WL 8198332, at *3 (C.D. Cal. Dec. 15, 2016) ("It does not matter that after his conviction was affirmed, petitioner was unable to raise these specific constitutional claims. Rather, the third Younger requirement is satisfied merely by the fact that he could have raised the present claims on direct appeal before his conviction was affirmed."); see also Pellecer, 2021 WL 1949394, at *4 ("That such petitions have been denied does not alter the fact that [petitioner] has had the opportunity to raise those [constitutional claims]."); Lammers, 2019 WL 1771658, at *2 ("There is no suggestion that Petitioner's prior state appeal did not provide Petitioner with an adequate opportunity to raise the claim alleged in the instant Petition, nor is there any reason to believe that future state appellate and/or post-conviction proceedings following Petitioner's resentencing will not provide him with an adequate opportunity to raise any additional habeas claims.").

   Further, nothing in California Penal Code section 1172.6 indicates Petitioner would not be able to raise constitutional arguments. In fact, the statute explicitly states that "[t]his section does not diminish or abrogate any rights or remedies otherwise available to the petitioner." Cal. Penal Code § 1172.6(e). Moreover, Petitioner is permitted to offer new or additional evidence, and the burden of proof remains "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder under California law[.]" Id. § 1172.6(d)(3). Accordingly, the Court finds that the third Younger requirement is satisfied.

    4. Federal Intervention Would Have the Practical Effect of Enjoining the State Proceeding

   Respondent indicates the fourth Younger factor is met because the relief sought—"release from custody or new trial"—interferes with the ongoing state court proceeding because

Petitioner "seeks vacation of his attempted murder conviction and resentencing on the remaining charge and enhancements[.]"  Motion at 7.  Petitioner did not discuss the fourth factor in his opposition.  See generally Oppo.

Under Younger, federal courts cannot stay or enjoin pending state criminal proceedings. Sinsun v. Pickett, 2022 WL 696369, at *2 (C.D. Cal. Jan. 11, 2022), report and recommendation adopted 2022 WL 686707, at *1 (C.D. Cal. Mar. 7, 2022) (citing Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986)).  Courts in the Ninth Circuit have found the fourth requirement is met where a habeas petitioner's section 1172.6 petition to vacate or for resentencing is pending. See, e.g., Sinsun, 2022 WL 696369, at *3 (recommending dismissal of federal habeas petition due to pending appeal of section 1172.6 determination); Pellecer, 2021 WL 1949349, at *4 (same); Gonzales v. Pfeffer, 2020 WL 5520597, at *3-*4 (C.D. Cal. Aug. 6, 2020) (same), report and recommendation adopted 2020 WL 5518599 (C.D. Cal. Sept. 13, 2020); Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (same), report and recommendation adopted 2020 WL 1433678 (C.D. Cal. Mar. 22, 2020).

Here, Petitioner raises several claims related to his second-degree attempted murder conviction and the related enhancements.  See Amended Petition.  If Petitioner were to obtain federal habeas relief (e.g., release from custody, a new trial, etc.) while the state proceeding remains ongoing, it would have the practical effect of enjoining the section 1172.6 hearing, where he has the potential to raise some of the same claims in the Amended Petition and have his second-degree murder conviction vacated.  As previously noted, the outcome at the section 1172.6 has the potential to render this federal matter moot, in whole or part, or further prolong the state court proceedings, making federal intervention improper.  Thus, any relief the Court could provide at this time would threaten interference in the ongoing state criminal proceeding. See Orozco v. Montgomery, 2020 WL 5868136, at * 4 (C.D. Cal. Aug. 6, 2020) (finding that granting Petitioner's relief "would unnecessarily interfere" with the pending section 1170.95 proceeding); see also Anthony v. Pollard, 2021 WL 4951464, at *3 (N.D. Cal. Oct. 25, 2021) ("the practical effect of granting federal habeas relief in this action would interfere with the ongoing [section 1172.6] proceedings in that it would imply the invalidity of the conviction and

require this Court to make findings about whether the underlying trial violated constitutional rights."); Phillips, 2019 WL 6312573, at *2 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing.") (collecting cases).

Accordingly, in light of Petitioner's pending section 1172.6 hearing, the Court finds the fourth requirement met.

          5.  No Extraordinary Circumstances Exists Warranting Federal Intervention

Although Petitioner does not explicitly indicate that there are extraordinary circumstances, he does indicate that there has been a showing of bad faith on the part of the Attorney General. Oppo. at 2. Petitioner alleges that "the state judge's [sic] have chosen to be bias and interpret convincing, clear evidence in favor of [P]etitioner's factual innocence as insignificant, when it clearly and completely undermines the prosecutions whole case." Id. Petitioner specifically points to the use of a particular witness at trial, whom Petitioner alleges is an admitted liar, and the fact that Petitioner claims there is a new witness willing to offer favorable testimony for Petitioner. Id.

Since the Younger factors are satisfied here, abstention applies to the claims in the Amended Petition absent Petitioner demonstrating that "extraordinary circumstances" warrant federal intervention. Younger, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending states prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

Petitioner has not provided evidence to support his contention that there has been a showing of bad faith, harassment, or bias on the part of the prosecution, attorney general, or state court judges, and nothing in the record suggests the same. Petitioner only points to the credibility of a trial witness and an alleged new witness. Based on the Court's understanding of

section 1172.6, as noted, Petitioner can present new or additional evidence at his section 1172.6 hearing, so there is the potential for him to raise issues with trial witnesses or offer his new witness. Thus, the Court finds there are no extraordinary circumstances present that warrant federal intervention.

Accordingly, all the requirements for abstention under Younger are present. The Court should therefore grant Respondent's motion to dismiss without prejudice and abstain from interfering with the ongoing state resentencing proceeding until it has concluded.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue and Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss [ECF No. 46]; and (3) directing that Judgment be entered **DENYING** the Amended Petition and **DISMISSING** this action without prejudice.

**IT IS HEREBY ORDERED** that no later than **February 17, 2023**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHERED ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 3, 2023**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 1/19/2023

Hon. Barbara L. Major
United States Magistrate Judge